# IN THE COURT OF APPEALS OF IOWA

No. 24-0772
Filed July 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEFFREY ALAN ALLGEIER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Kevin Parker, Judge.

        The defendant challenges the sufficiency of the evidence supporting his conviction for criminal mischief.  **AFFIRMED.**

        Heidi Miller (until withdrawal) of The Law Office of Heidi Miller, Pleasantville, and John Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

        Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

        Considered without oral argument by Ahlers, P.J., Chicchelly, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**POTTERFIELD, Senior Judge.**

Jeffrey Allgeier appeals his conviction for third-degree criminal mischief, challenging the sufficiency of the evidence that he caused the damage or acted with specific intent to damage the security camera of a store, Lula Belle.

**I. Background Facts and Proceedings.**

At 5:15 in the morning on Saturday, January 28, 2023, Lula Belle's security camera footage captured a black pickup truck pulling into an alley behind businesses in Indianola. A figure can be seen moving around the back door area of a business several buildings down the alley from the store's back-door security camera. The truck then drove down the alley, past the camera, and a few seconds later vehicle doors can be heard opening and closing. The camera captured audio of one person walking through the snow, moving things around in the neighboring business's back space. Then, the video feed started jerking with thumping sounds, a long icicle hanging along the side of the camera disappeared, and a hammer can be seen hitting the camera lens for a total of seventeen blows. Afterward, the camera's video feed was blurred, but the audio continued to function properly. The person can be heard retreating from the camera, and less than a minute later the vehicle's doors opened and closed again, and it drove away. No additional persons can be heard walking in the alley after the vehicle left.

Kamie Downing Haynes, Lula Belle's owner, checked the camera feed that night after closing, noticed the camera's video "was kind of fuzzy," and called the installation company the next Monday to check the camera for glitches. The vendor checked the footage and contacted the police. When examining the neighboring business's back space, the investigating officer noticed what

appeared to be an upside-down trash can in the corner next to the six-foot tall fence directly below the security camera.

Pictures taken two days later show broken-off icicles hanging from a gutter by the camera. Haynes testified "the[ icicles] don't affect the camera" and she typically did not remove them. The camera was damaged beyond repair, and Haynes had a replacement camera installed.

The investigating officer showed the video and a still image of the truck to the owner of a business down the alley, who identified Allgeier as the truck's owner. The officer tracked down Allgeier's truck and matched it to the vehicle seen driving through the alley. He contacted Allgeier for an interview, and the State offered the interview video at trial as evidence. In it, Allgeier stated he was the only person who would have been driving his truck. His story varied during the interview—first he said he was looking for cans and "saw somebody walk into the alley" and walk back out. Then he said he didn't check for cans on that weekend and did not know who would have been in his truck in the alley. When shown a still from the surveillance video, Allgeier agreed it "appear[ed] to be" his truck in the alley. He then settled on a story where he was trying to be helpful and used his hand to knock icicles down, but the hammer was not his. And he repeated that he had seen someone else go by, but he could not describe the man or explain the timing given the audio from the video.

A jury found Allgeier guilty of criminal mischief in the third degree. Allgeier appeals.

## II. Standard of Review.

We review a challenge to the sufficiency of the evidence for correction of error at law. *State v. Fenton*, 13 N.W.3d 573, 577 (Iowa 2024). We "will not disturb the jury's finding if the evidence is sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* (cleaned up). "[W]e view the evidence in the light most favorable to the State, including all legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence." *Id.* (cleaned up).

## III. Discussion.

To convict Allgeier of criminal mischief, the jury had to find:

1. On or about January 28, 2023, the defendant damaged, altered, defaced, or destroyed a camera belonging to [] Haynes.
2. The defendant acted with the specific intent to damage, alter, deface, or destroy the property.
3. When the defendant damaged, altered, defaced, or destroyed the property, he did not have the right to do so.

The cost to repair or replace the property establishes the degree of criminal mischief.

Allgeier challenges the first two elements, asserting "there is no evidence" he damaged the security camera and no evidence he acted with specific intent to damage the camera. He admits the evidence established his presence in the alley, but disputes he caused damage or had the intent to do so.

In the interview video, the jury heard Allgeier admit to hitting the icicles that night, though he claimed to only have used his hand, and he also claimed to have seen another person on foot in the alley. They also saw and heard the surveillance video showing his truck pass by the store and stop, then the audio of the vehicle

doors opening and closing and one set of footsteps moving through the alley. The icicles were struck down, and without pause, a hammer repeatedly and visibly struck the camera. The footsteps then retreated, the vehicle doors could be heard opening and closing again, and the vehicle drove off. No other footsteps are heard following the vehicle's departure.

From this evidence, the jury could reasonably infer the driver of the vehicle was the party who struck the camera. And the use of a step to reach the camera's level, the use of a hammer, and the continued strikes directly to the camera after the icicles were gone supports the jury's finding of specific intent to damage the camera. *See State v. Taylor*, 689 N.W.2d 116, 132 (Iowa 2004) ("[A]n actor will ordinarily be viewed as intending the natural and probable consequences that usually follow from his or her voluntary act.").

For these reasons, substantial evidence supports Allgeier's conviction for criminal mischief. We affirm.

**AFFIRMED.**